# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

MAGDALENA SHAPIRO,

    Plaintiff,

v.

NANCY A. BERRYHILL,[1] Commissioner of Social Security,

    Defendant.

Case No. 2:18-cv-01411-DJA

**ORDER**

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Magdalena Shapiro's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 15), filed on January 7, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 16-17), filed on February 6, 2019. Plaintiff filed a Reply (ECF No. 18) on February 26, 2019.

**I.    BACKGROUND**

    **1.    Procedural History**

On September 22, 2014, Plaintiff protectively applied for disability insurance benefits, alleging an onset date of September 9, 2014. AR[2] 229-32. Plaintiff's claims were denied initially, and on reconsideration. AR 170-173, 176-178. A hearing was held before an Administrative Law Judge ("ALJ") on April 11, 2017. AR 117-138. On August 2, 2017, the ALJ issued a decision denying Plaintiff's claim. AR 16-32. The ALJ's decision became the

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 11).)

Commissioner's final decision when the Appeals Council denied review on June 19, 2018. AR 1-7. On July 31, 2018, Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 16-32. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of September 9, 2014 through the date of the decision. *Id.* at 21. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the lumbar spine, depression, and obesity. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. He rated the paragraph B criteria as no limitation, moderate, moderate, and no limitation. *Id.* at 22. The ALJ found that Plaintiff did not meet the C criteria. *Id.* at 31.

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can lift/carry up to 20 pounds occasionally, 10 pounds frequently; can perform frequent postural maneuvers but can only occasionally crawl and kneel; she can stand/walk for 4 to 5 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday, with normal breaks; she is precluded from working around hazards such as unprotected heights and dangerous moving machinery; she can perform simple, non-detailed, non-complex work and can make decisions and attend appropriately with peers and bosses, with occasional changes; she can occasionally interact with co-workers and supervisors, but never with the public; she could not work in joint projects and could not work in any job that would involve a high production quota or assembly line. AR 22-23.

The ALJ found that Plaintiff is not capable of performing any past relevant work. *Id.* at 26. At step five, the ALJ found Plaintiff to be a younger individual age 18-49 on the alleged disability onset date, have a limited education, able to communicate in English, and transferability of job skills not material, and there are jobs that exist in significant numbers in the national economy that she can perform. *Id.* at 26-27. The ALJ considered the Medical-Vocational Rule

202.18 along with the erosion of the unskilled light occupational base due to the additional RFC limitations and relied on vocational expert testimony to find the following jobs were capable of being performed: sealer/basket filler, bagger, and cleaner. AR 27. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from September 9, 2014 through the date of the decision. *Id*. at 28.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's

1  conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a

determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his/her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he/she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

///

### 3. Analysis

#### a. Whether the ALJ's Step Five Finding Is Supported

Plaintiff contends that the three jobs cited at step five by the vocational expert ("VE") and adopted by the ALJ in his decision are not present in significant numbers in the national economy. (ECF No. 15, 11-17). She argues that the VE's representation of the number of jobs available conflicts with the projection numbers reported by Job Browser Pro ("JBP") and Bureau of Labor Statistics ("BLS"). (*Id.*) Plaintiff presented these numbers to the Appeals Council and argues that no plausible explanation exists for the VE's testimony deviating from published governmental statistics. (*Id.*)

The Commissioner responds that the ALJ reasonably found the number of jobs the VE identified were significant and the VE's testimony was substantial evidence that the ALJ properly relied on. (ECF No. 16, 5). Additionally, the Commissioner argues that Plaintiff is not a vocational expert, relies on different sources for job numbers, fails to provide authentication for the JBP and BLS numbers, and the ALJ had no further duty to develop the record by cross-examining the VE as the VE's testimony was reliable job information. (*Id.* at 6-10). Further, the Commissioner claims that Plaintiff's post-ALJ decision submission of job numbers to the Appeals Council is not enough to disturb the ALJ decision. (*Id.* at 10).

Plaintiff replies that the Commissioner takes administrative notice of the existence of unskilled work in the national economy from sources like the Occupational Outlook Handbook ("OOH"), which Plaintiff relies on in support of her argument that the step five finding is not supported. (ECF No. 18, 3). She claims that the information from JBP is available through ONET and JBP's projections for the jobs cited do not establish they are available in significant numbers in the national economy. (*Id.* at 4-7). Plaintiff also argues that she needs no foundation to establish that JBP is reliable and cites to First Circuit law. (*Id.* at 7-8). Plaintiff also raises a circuit split that has yet to be decided by the Supreme Court in *Biestek v. Berryhill* regarding the Seventh Circuit's on-demand rule. (*Id.* at 8). Plaintiff contends that the VE gave testimony that is not statistically supported. (*Id.* at 9).

The Court must follow the current state of the law in the Ninth Circuit. As a result, it finds that ALJ's step five finding is supported by substantial evidence. The Ninth Circuit has not set out a "bright-line rule for what constitutes a 'significant number' of jobs." *Gutierrez v. Colvin*, 740 F.3d 519, 528 (9th Cir. 2014) (work can exist in significant numbers either in the region where the plaintiff lives or in several regions of the country); *see also Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). Notably, in *Gutierrez*, the Ninth Circuit found 25,000 jobs in the national economy to be sufficient to constitute a significant number of jobs. Here, the VE testified that a person having the RFC limitations assigned to Plaintiff could perform jobs existing in significant numbers in the national economy; specifically, the VE testified that 60,000, 70,000, and 55,000 jobs exist in the national economy for the seal/basket filler, bagger, and cleaner jobs, respectively. AR 27 and 132-135.

Plaintiff's counsel never challenged the job numbers the VE presented, never inquired about the sources of the job numbers, or made any argument to the ALJ about the reliability of those numbers. AR 137. Plaintiff's counsel also never presented any other jobs data or cross-examined the VE, even though the ALJ provided her with that opportunity. AR 137. After the ALJ issued his adverse decision, Plaintiff submitted additional vocational evidence to the Appeals Council. AR 5. At the Appeals Council and now, Plaintiff claims that JBP notes far fewer jobs available for the seal/basket filler, bagger, and cleaner positions identified at step five. After considering the additional evidence submitted by plaintiff, the Appeals Council denied review, noting that the evidence did not provide a basis for changing the ALJ's decision. AR 1-7.

Under these circumstances, the ALJ's findings are entitled to deference. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."). First, the ALJ was entitled to rely on the VE's testimony regarding the number of jobs in the economy. *See* 20 C.F.R. § 416. 966(e) (authorizing the ALJs to rely on vocational expert's testimony to determine occupational issues); *Bayliss*, 427 F.3d at 1217–18 (upholding ALJ's reliance on vocational expert's testimony regarding job numbers).

Second, the vocational expert's testimony amounts to substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) (testimony of a vocational expert constitutes substantial evidence). Contrary to Plaintiff's contention, neither the ALJ nor the VE was required to identify the methodology used to determine the jobs that Plaintiff can perform. The VE's expertise is a sufficient foundation by itself. *Id*. at 1218. Indeed, on February 20, 2020, the Ninth Circuit just reiterated this point that an ALJ is not required to order a vocational expert to identify or provide his source material for his testimony on the number of jobs that exist in the national economy that a claimant could perform. *Ford v. Saul*, No. 18-35794 (9th Cir. Feb. 20, 2020). In that decision the Ninth Circuit noted that the qualified vocational expert's testimony as to the number of jobs existing in the national economy is inherently reliable and ordinarily sufficient by itself to support the ALJ's step five finding. *Id.* It also found that the vocational expert's failure to produce the data underlying the testimony did not undermine its reliability. *Id.*

Third, Plaintiff's assessment of the raw vocational data derived from JBP does not undermine the reliability of the VE's opinion, which the ALJ adopted at step five. The data cited by Plaintiff was not presented through an expert source to put the raw data into context. Also, JBP is not included in the list of published sources recognized as authoritative by Social Security regulations. *See* 20 C.F.R. § 404.1566(d). Further, Plaintiff cited no Ninth Circuit decisions that hold that a VE must rely on JBP or that JBP controls when it conflicts with the VE's testimony. Rather, the Ninth Circuit has instructed that where evidence is susceptible to more than on rational interpretation, the ALJ's conclusion must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Moreover, the Ninth Circuit's most recent review of this issue supports upholding the ALJ's step five finding as the VE's testimony was inherently reliable. *Ford*, No. 18-35794. At best, Plaintiff has presented evidence sufficient to support an alternative finding regarding the number of relevant jobs available in the economy.[4] That is not enough to warrant remand. *Id.*

---

[4] The Court notes that Plaintiff has not presented any reason as to why she did not proffer her evidence, which presumably was available at the time of the hearing, to the ALJ, rather than waiting to submit it to the Appeals Council.

### b. Whether the ALJ's Treatment of Plaintiff's Mental Impairment Is Supported

Plaintiff argues that the ALJ did not address chart notes and Dr. Change's report regarding Plaintiff's distractibility, crying spells, and withdrawal. (ECF No. 15, 18-19). She further contends that there is no forensic evaluation by a psychiatrist or psychologist in the record. *Id.* As a result, Plaintiff argues that the ALJ's B criteria assessment and mental RFC limitations are not supported by substantial evidence. *Id.*

The Commissioner responds that the ALJ properly considered the mental health treatment in the record to craft Plaintiff's mental RFC limitations. (ECF No. 16, 11). For example, the Commissioner highlights Plaintiff's GAF score that corresponds to moderate symptoms, improvement in Plaintiffs psychiatric condition by September 10, 2015 with medication, and the ALJ's consideration of the reports by Dr. Chang that do not include any examination findings that warrant more severe RFC restrictions. (*Id.* at 12-13). The Commissioner also argues that the ALJ gave appropriate weight to the State agency reviewing psychologist, Tawnya Brode, Psy.D.'s opinion that supports the assigned mental RFC limitations. (*Id.* at 14). Plaintiff replies that she has severe, recurrent depression and the evidence from Dr. Change was not considered by the ALJ. (ECF No. 18, 10).

The Court has reviewed the record in its entirety, weighed both the evidence that supports and the evidence that detracts from the ALJ's conclusion, and finds the ALJ's decision on Plaintiff's mental impairment and corresponding RFC limitations is supported by substantial evidence. The ALJ's decision demonstrates that he thoroughly considered the treatment records along with the opinion evidence to craft the assigned mental RFC limitations. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The ALJ translated Plaintiff's mental impairment, including mental limitations, into a concrete and succinct RFC that accounts for the moderate limitations assigned in the B criteria. The Court is not persuaded that the ALJ simply ignored the

charts of Dr. Chang and in fact, that argument by Plaintiff is belied by the ALJ's summary of the medical record. AR 23-26.

Although Plaintiff claims she should be given more restrictive mental RFC limitations based on Dr. Chang's charts, the Court cannot second-guess the ALJ's decision under these circumstances. Dr. Brode's opinion does not reflect that more restrictive mental RFC limitations were warranted and the ALJ noted minimal mental health treatment along with Plaintiff's testimony at the hearing demonstrated she was able to concentrate well enough to answer his questions. AR 25-26. If the record will support more than one rational interpretation, the court must uphold the Commissioner's interpretation. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ's findings in this case are amply supported by the record and inferences reasonably drawn from the record. The ALJ did not err by finding someone with Plaintiff's depression to have moderate RFC limitations as adopted in the ALJ's RFC finding. Therefore, the Court concludes that the ALJ's decision is supported by substantial evidence and free from reversible legal error.

**III. CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 15) is **denied**.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 16) is **granted**.

The Clerk shall enter judgment accordingly and close the case.

DATED: February 20, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE